EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                  |                 |
|-------------------------|-----------------|
|                         | 2016 TSPR 192   |
| José T. Marrero Rivera  | 196 DPR ____    |
|                         |                 |

Número del Caso: TS-1594

Fecha: 22 de agosto de 2016

Oficina de Inspección de Notarías:

       Lcdo. Manuel E. Ávila de Jesús
       Director

Oficina de la Procuradora General:

       Lcda. Karla Pacheco Álvarez
       Subprocuradora General

       Lcda. Gisela Rivera Matos
       Procuradora General Auxiliar

Colegio de Abogados:

       Lcda. Carmen I. Navas
       Procuradora del Abogado

Comisionado Especial:

       Hon. Carlos Dávila Vélez

Materia: Conducta Profesional – La suspensión será efectiva el 29 de agosto de 2016, fecha en que se le notificó al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José T. Marrero Rivera                    TS-1,594

PER CURIAM

En San Juan, Puerto Rico, a 22 de agosto de 2016.

En observancia con el proceso dispuesto en la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, y acogiendo la recomendación del Comisionado Especial (Comisionado) nombrado por esta Curia, nos vemos obligados a suspender preventivamente al Lcdo. José T. Marrero Rivera del ejercicio de la abogacía.

A continuación, procedemos a exponer los hechos del caso ante nuestra consideración.

# I

El licenciado Marrero Rivera fue admitido al ejercicio de la abogacía el 10 de septiembre de 1953 y, posteriormente, al ejercicio de la notaría el 17 de septiembre de 1953.

El 8 de abril de 2014, el Sr. José T. Marrero Bassó (señor Marrero Bassó) compareció ante este Tribunal en representación de su padre, el licenciado Marrero Rivera. En particular, presentó una *Solicitud de Baja Voluntaria,* en la que indicó que su padre ha ejercido la profesión legal por más de 60 años, pero que en los últimos años su salud se ha afectado seriamente por unos padecimientos de enfermedad cerebral y pérdida de memoria. Ante esto, el señor Marrero Bassó nos solicita que suspendamos de forma indefinida a su padre del ejercicio de la abogacía. Asimismo, nos pide que excusemos a su padre del cumplimiento con cualquier requerimiento de la Oficina de Inspección de Notarías (ODIN) y del Programa de Educación Jurídica Continua (PEJC).[1] Añade que "se hace esta solicitud por entender que no puede mi padre, a pesar de su orgullo de ser abogado, mantener el patrón de conducta profesional que se le requiere observar".[2] Con la petición, el señor Marrero Bassó incluyó certificaciones

---

[1] Surge del expediente que el Lcdo. José T. Marrero Rivera ha incumplido con los períodos de 2007 en adelante del Programa de Educación Jurídica Continua (PEJC). Véase *Autorización de Baja Voluntaria ante el Tribunal Supremo de Puerto Rico suscrita por la Directora Ejecutiva del PEJC*, Expediente personal del Lcdo. José T. Marrero Rivera, págs. 1-2.

[2] *Solicitud de Baja Voluntaria*, Expediente personal del Lcdo. José T. Marrero Rivera, pág. 2.

médicas para sustentar la información relacionada con la salud de su padre.

Así, el 14 de abril de 2014, la ODIN presentó una *Moción informativa en reacción a Solicitud de Baja Voluntaria*, en la cual hizo referencia a la Queja Núm. AB-2013-309 instada en contra del licenciado Marrero Rivera y el Lcdo. Roberto A. Combas Martínez. En particular, expuso que esa queja se relaciona con un aspecto de tracto registral en la inscripción de unos instrumentos públicos autorizados por el Lcdo. Combas Martínez, pero que no habían ganado acceso al Registro de la Propiedad (Registro) debido a una instancia hereditaria incompleta que fue autorizada por el licenciado Marrero Rivera. Sobre esto, la ODIN nos informó que el licenciado Combas Martínez notificó el 11 de abril de 2014 que había recibido unos relevos expedidos y requeridos por el Departamento de Hacienda de Puerto Rico para formalizar la presentación -en el Registro- de los instrumentos públicos que son objeto de la mencionada queja.

Asimismo, la ODIN indicó que el 27 de febrero de 2014 había comenzado el proceso de inspección de la obra protocolar del licenciado Marrero Rivera y advino en conocimiento de la condición de salud de éste según lo informara la Inspectora de Protocolos y Notarías a cargo. Ante esto, como medida cautelar y a modo de excepción, la

ODIN aceptó la entrega de la obra protocolar y el sello notarial del licenciado Marrero Rivera.

Por último, la ODIN expresó que nos presentaba su escrito "en aras de confirmar que […] tiene conocimiento de la delicada situación de salud del licenciado Marrero Rivera, la cual fue documentada por su hijo en su escrito del 8 de abril de 2014…".[3]

Mediante Resolución del 30 de mayo de 2014, ordenamos el inicio del procedimiento dispuesto en la Regla 15 de nuestro Reglamento, *supra*, a los fines de que se hiciera una determinación sobre la capacidad mental o emocional del licenciado Marrero Rivera. Para ello, designamos al Lcdo. Carlos S. Dávila Vélez como Comisionado para que recibiera prueba sobre la capacidad mental o emocional del licenciado Marrero Rivera, en particular el testimonio pericial de un panel de 3 médicos psiquiatras, según establece la mencionada Regla 15. Además, ordenamos al Comisionado que nos rindiera un informe con sus determinaciones de hechos y las recomendaciones que estimara pertinentes.

Así, el licenciado Dávila Vélez aceptó la encomienda de fungir como Comisionado y mediante Orden del 3 de junio de 2014 concedió tanto al licenciado Marrero Rivera como a la Procuradora General de Puerto Rico (Procuradora) un término de 10 días para que cada uno designara un médico siquiatra, y estos conformarían

---

[3] *Moción informativa en reacción a Solicitud de Baja Voluntaria* Expediente personal del Lcdo. José T. Marrero Rivera, pág. 3.

parte del panel de 3 médicos psiquiatras que examinarían al abogado y ofrecerían su testimonio pericial al Comisionado. En esa Orden, el Comisionado designó al Dr. Raúl E. López a dicho panel de médicos. Mientras, el 3 de julio de 2014 la Procuradora General informó la designación de la Dra. Cynthia Casanova Pelosi al mencionado panel.

El 4 de agosto de 2014 se celebró una vista y allí el defensor judicial del licenciado Marrero Rivera, su hijo el señor Marrero Bassó, solicitó que el Comisionado designara al psiquiatra que faltaba en el panel de 3 médicos psiquiatras. Así las cosas, el Comisionado designó a la Dra. Myrna Zegarra Paz.

Entre varios trámites interlocutorios, el 9 de abril de 2015 el Comisionado emitió una Orden en la que señaló vista en su fondo para el 28 de mayo de 2015 puesto que ya había recibido los informes de los 3 médicos psiquiatras. Asimismo, indicó que las partes podrían presentar sus objeciones a dichos informes, así como otros testigos y prueba documental. No obstante, esa vista en su fondo fue transferida para el 30 de junio de 2015 a petición del defensor judicial del señor Marrero Rivera y así fue concedida.

A la vista señalada, compareció la Lcda. Gisela Rivera Matos (Procuradora General Auxiliar a cargo), el licenciado Marrero Rivera, el señor Marrero Bassó como su defensor judicial, la Lcda. Carmen I. Navas (en calidad

de Procuradora del Abogado del Colegio de Abogados en representación del licenciado Marrero Rivera),[4] el Dr. Raúl E. López y la Dra. Myrna Zegarra Paz.[5] En esa vista, las partes notificaron al Comisionado que se habían reunido antes de que se llamara el caso y que acordaron someter el caso por los informes de los 3 médicos psiquiatras. Ante esto, el Comisionado dio por sometido el caso por el expediente.

Así las cosas, el Comisionado emitió un Informe el 2 de julio de 2015, en el cual hizo constar que los 3 médicos psiquiatras entrevistaron de forma individual al licenciado Marrero Rivera y a su hijo, el señor Marrero Bassó, evaluaron el informe de un estudio de MRI y examinaron unas evaluaciones médicas previas realizadas al licenciado Marrero Rivera. Ante esto, los 3 médicos psiquiatras presentaron sus informes por separado. De acuerdo con el Comisionado, de esos informes surge lo siguiente:

> La doctora Cynthia Casanova Pelosi, opinó que el licenciado José T. Marrero Rivera "padece de una demencia vascular leve-moderada cuya manifestación se complica con su deficiencia auditiva al punto de prácticamente no escuchar". Además, expresó "que su deterioro cognoscitivo ha sido consistente e irreversible [a] partir del 2011 hasta el presente y que debido a este deterioro no está apto para ejercer sus funciones como abogado ni cumplir con los cánones de ética profesional incluyendo cumplir con las Reglas del Tribunal Supremo de educación jurídica mandatoria.

---

[4] Según surge del expediente, a partir del 24 de junio de 2014 el Comisionado Especial (Comisionado) incluyó a la Lcda. Carmen I. Navas en el grupo de personas que recibirían notificaciones en el caso de epígrafe.

[5] La Lcda. Gisela Rivera Matos (Procuradora General Auxiliar a cargo) informó que la Dra. Cynthia Casanova Pelosi se encontraba fuera de Puerto Rico, por lo que solicitó al Comisionado que la excusara.

> La siquiatra Myrna Zegarra Paz sometió un informe en el que opina que el licenciado Marrero Rivera padece de un trastorno cognoscitivo leve debido a [la] enfermedad de Alzheimer (DSM5 331.83). Concluyó que el licenciado no está capacitado mentalmente para practicar la profesión de la abogacía.
>
> El siquiatra Raúl E. López opinó que el licenciado Marrero Rivera padece de un trastorno de déficit neuro cognoscitivo mayor debido a la enfermedad de Alzheimer. Concluyó que el letrado está incapacitado para litigar en un tribunal, así como para practicar la notaría y que esta incapacidad e[s] permanente no remitente.[6]

De acuerdo con lo anterior, recomendó la suspensión indefinida de la abogacía del licenciado Marrero Rivera al tenor de la Regla 15 de nuestro Reglamento, *supra*, ello como una medida especial de protección social. En particular, se concluyó que "la condición mental del licenciado José T. Marrero Rivera le impide mantener el patrón de conducta profesional que debe observar todo abogado". A su vez, recomendó el cierre administrativo por cualquier incumplimiento con el PEJC, esto debido a que la condición de salud del licenciado Marrero Rivera es permanente no remitente.

Pendiente de resolución, el 7 de julio de 2016 el Director de la ODIN presentó una *Moción informativa* junto a un *Informe de estado de obra notarial*. Hizo constar que "[l]a obra notarial objeto de inspección se aprobó por la vía administrativa, ello ya que los señalamientos existentes en la misma se tornaron insubsanables por la

---

[6] *Informe*, Expediente personal del Lcdo. José T. Marrero Rivera, pág. 2.

condición de salud que aqueja al notario…".[7]  El Director de la ODIN expresó que el licenciado Marrero Rivera no tiene otro asunto pendiente ante esa oficina, por lo que no tiene reparo en que se autorice su separación de la profesión legal conforme a la Regla 15 de nuestro Reglamento.

## II

Como parte del poder inherente que tiene este Foro para regular la práctica de la abogacía en Puerto Rico, nos corresponde velar porque los abogados estén capacitados para cumplir con las responsabilidades de la profesión legal y con ello que estén mentalmente aptos para ejercerla.[8]  Al así actuar reafirmamos nuestro interés en asegurar tanto el buen funcionamiento de nuestro sistema judicial como los mejores intereses de la clase togada.[9]  Esto debido a que nos interesa que los abogados puedan ejercer sus labores profesionales de forma competente y diligente conforme exige el Canon 18 del Código de Ética Profesional, 4 LPRA, Ap. IX.

Con ese objetivo, se creó la Regla 15 del Reglamento del Tribunal Supremo, *supra*, la cual establece cuál es el procedimiento para separar de manera

---

[7] *Moción informativa de 7 de julio de 2016*, pág. 1.

[8] Véanse: In re Rodríguez Amaro, 189 DPR 307, 312 (2013); In re Valentín Maldonado, 178 DPR 906, 911 (2010); In re Manzano Velázquez, 177 DPR 581, 590 (2009); In re Gómez Morales, 146 DPR 837, 847 (1998).

[9] In re Gutiérrez Santiago, 179 DPR 739, 743 (2010). Véanse, también: In re Rodríguez Amaro, supra; In re Hernández Rodríguez, 181 DPR 643, 651 (2011).

indefinida a un abogado del ejercicio de la abogacía debido a una condición mental o emocional que le impida desempeñarse de forma competente.[10] No obstante, debe quedar claro que, distinto a los casos en los que separamos de la profesión legal a abogados por violar los Cánones del Código de Ética Profesional, el mecanismo establecido en la mencionada regla no está catalogado como una sanción disciplinaria, sino como una medida de protección social.[11]

En particular, el inciso (c) de la Regla 15 del Reglamento del Tribunal Supremo, *supra*, dispone el mecanismo a seguirse para establecer si un abogado está incapacitado mentalmente. Ese inciso describe el procedimiento disciplinario de carácter especial en el que se designa a 3 médicos psiquiatras: uno nombrado por el Comisionado, otro por el Procurador General y otro por el abogado querellado. De acuerdo con la Regla 15(c) de nuestro Reglamento, *supra*, esos peritos evaluarán al abogado objeto del procedimiento disciplinario especial y llegarán a sus conclusiones, y luego informarán sus hallazgos al Comisionado, quien emitirá sus conclusiones y recomendaciones.[12]

---

[10] In re Rodríguez Amaro, supra; In re López Morales, 184 DPR 334, 347 (2012). Véase, además, S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, Pubs JTS, 2010, pág. 373.

[11] In re Rodríguez Amaro, supra; In re López Morales, supra; In re Gutiérrez Santiago, supra, pág. 744.

[12] In re Rodríguez Amaro, supra, pág. 313; In re López Morales, supra, pág. 348.

### III

En el presente caso, de los informes presentados por los 3 médicos psiquiatras surge de forma concluyente que el licenciado Marrero Rivera enfrenta un cuadro de deterioro consistente, irreversible y permanente debido a su condición de Alzheimer, por lo que no se encuentra apto para ejercer las funciones como abogado ni cumplir con los Cánones de Ética Profesional. Ante esto, ha quedado claramente establecido que el licenciado Marrero Rivera está impedido de ejercer la profesión legal debido a su condición mental.

Ante la realidad de que el licenciado Marrero Rivera sufre de una condición que afecta su capacidad mental, corresponde -de acuerdo con la Regla 15, *supra*- suspender preventivamente al licenciado Marrero Rivera del ejercicio de la abogacía como medida de protección social.

### IV

Por los fundamentos antes expuestos, y luego de examinar los informes correspondientes, acogemos la recomendación emitida por el Comisionado, el Lcdo. Carlos S. Dávila Vélez. En consecuencia, se suspende preventivamente al Lcdo. José T. Marrero Rivera del ejercicio de la abogacía y la notaría, según la Regla 15 del Reglamento de este Tribunal, *supra*, por estar incapacitado para ejercer la profesión legal. Reiteramos que este dictamen no constituye un desaforo, sino una

medida de protección social.  A su vez, se ordena a la Lcda. Carmen I. Navas[13] el deber de notificar a todos los clientes del licenciado Marrero Rivera sobre la inhabilidad de éste para continuar representándolos y a coordinar la devolución de cualesquiera honorarios recibidos por éste en concepto de trabajos no realizados. De igual forma, la Lcda. Carmen I. Navas deberá informar oportunamente la suspensión del licenciado Marrero Rivera a cualquier sala del Tribunal General de Justicia o foro administrativo en el que éste tenga algún caso pendiente. Corresponderá a la Lcda. Carmen I. Navas acreditar y certificar ante este Foro el cumplimiento con lo anterior en el término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial del licenciado Marrero Rivera, y la examinará para rendir el correspondiente Informe a este Tribunal.

En vista del resultado al que llegamos, se ordena el archivo administrativo del asunto relacionado con el incumplimiento por parte del licenciado Marrero Rivera con los requerimientos del PEJC.

Se dictará sentencia de conformidad.

---

[13] La Lcda. Carmen I. Navas compareció en los procedimientos del caso de epígrafe en calidad de Procuradora del Abogado del Colegio de Abogados, en representación del Lcdo. José T. Marrero Rivera. Véase nota al calce núm. 4.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José T. Marrero Rivera          TS-1,594

SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende preventivamente al Lcdo. José T. Marrero Rivera del ejercicio de la abogacía y la notaría, según la Regla 15 del Reglamento de este Tribunal, por estar incapacitado para ejercer la profesión legal. Reiteramos que este dictamen no constituye un desaforo, sino una medida de protección social. A su vez, se ordena a la Lcda. Carmen I. Navas el deber de notificar a todos los clientes del licenciado Marrero Rivera sobre la inhabilidad de éste para continuar representándolos y a coordinar la devolución de cualesquiera honorarios recibidos por éste en concepto de trabajos no realizados. De igual forma, la Lcda. Carmen I. Navas deberá informar oportunamente la suspensión del licenciado Marrero Rivera a cualquier sala del Tribunal General de Justicia o foro administrativo en el que éste tenga algún caso pendiente. Corresponderá a la Lcda. Carmen I. Navas acreditar y certificar ante este Foro el cumplimiento con lo anterior en el término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la Oficina de Inspección de Notarías mantendrá incautada la obra y el sello notarial del licenciado Marrero Rivera, y la examinará para rendir el correspondiente Informe a este Tribunal.

Se ordena el archivo administrativo del asunto relacionado con el incumplimiento por parte del licenciado Marrero Rivera con los requerimientos del Programa de Educación Jurídica Continua.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García no intervinieron.


                                   Juan Ernesto Dávila Rivera
                                Secretario del Tribunal Supremo